Karen BEAUCHESNE (Ricci)

v.

Robert RICCI.

No. 95–353–Appeal.

Supreme Court of Rhode Island.

Dec. 5, 1996.

## AMENDED ORDER

This case came before the court for oral argument November 12, 1996, pursuant to an order that had directed both parties to appear in order to show cause why the issues raised by this appeal should not be summarily decided. After hearing the arguments of counsel and considering the memoranda filed by the parties, we are of the opinion that cause has not been shown and that the issues should be summarily decided.

The defendant, Robert Ricci, appeals from a Family Court judgment granting to plaintiff, Karen Beauchesne retroactive child support in the amount of $82,108 together with interest.

On May 12, 1966, the plaintiff filed for divorce. At the time she had two minor children, Carlene, who was born in 1962 and Kristina, who was born in 1966. Although a temporary support order was issued on June 14, 1966, the interlocutory decree pending entry of final decree which was entered December 14, 1966, provided that support for the minor children would be left open. The plaintiff contends that defendant left Rhode Island in 1966 and that she was not aware of his whereabouts until she filed the motion for retroactive support in 1994.

On October 18, 1978, plaintiff came before the General Master to determine her needs for the support of the two children. The General Master entered an order establishing a need of $200 per week for the support of the minor children. In 1981 a final decree of divorce was entered and again the issue of child support was left open.

On September 20, 1994, plaintiff filed a complaint seeking retroactive child support and reimbursement for moneys expended by her for the support of the minor children. The defendant was served with the complaint on October 11, 1994. A hearing was scheduled before a justice of the Family Court on December 2, 1994, but defendant failed to appear. He was defaulted and the case was continued until December 14 for proof of claim. The plaintiff was directed to serve defendant with a copy of the order of assignment. The court further ordered defendant to produce financial records which had previously been demanded to be produced by a subpoena duces tecum.

On December 14, 1994, a hearing was held before another justice of the Family Court. The defendant did appear on that date without counsel and apparently without providing any records in accordance with the order to produce. The plaintiff testified that defen-

dant owed her $82,108 in child support. She reached this figure by multiplying the amount contained in the order of the General Master by the number of weeks which had intervened until each child reached the age of eighteen years. The defendant testified and agreed that he had an obligation to support his children. He further testified that he assumed the figures presented by plaintiff were correct.

Since defendant did not challenge the figures presented by plaintiff and appeared to agree that he owed the sum set forth in her testimony, the trial justice entered an order awarding that sum to plaintiff together with interest.

Thereafter defendant through counsel who was later retained moved to vacate this order and stated that no evidence had been presented concerning defendant's ability to pay. The trial justice denied the motion to vacate and entered judgment pursuant to his earlier finding. From this judgment defendant appeals.

While we agree that it is generally necessary for a plaintiff seeking support of minor children to present evidence concerning the needs of the minor children and also the ability of defendant to pay, we are also of the opinion that defendant here has waived such issues on appeal. He failed to appear on the date scheduled for his hearing. He failed to produce the records ordered by the subpoena duces tecum and when he finally did appear, he agreed with the figure of retroactive child support presented by plaintiff.

The adversary system does not require a plaintiff to prove that which is in effect stipulated. The fact that defendant was not represented by counsel in a civil case does not invalidate his factual agreement and judicial admission made in the presence of the trial justice.

For the reasons stated, the defendant's appeal is denied and dismissed. The judgment of the Family Court is affirmed.